# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

DOMINIQUE REEDER,

    Plaintiff,

v.

Case No:_____

DENIS R. MCDONOUGH,
Secretary, Department Of
Veteran Affairs,

**JURY DEMANDED**

    Defendant.

## COMPLAINT

COMES NOW Plaintiff, Dominique Reeder, and brings this action against her former employer, Defendant Denis R. McDonough, Secretary of the Department of Veterans Affairs, in his official capacity. ("Defendant" or "the VA"). This is an action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended 1991 et. seq., 42 U.S.C. § 2000e et seq.

### I.  PARTIES

1. Plaintiff, Dominique Reeder, is a resident citizen of Shelby County, Tennessee and a former employee of Defendant.

2. Defendant, Denis R. McDonough is the Secretary for the Department of Veterans Affairs for the United States government and can be served with process by serving Denis R. McDonough, Secretary, Department of Veterans Affairs, 810 Vermont Avenue NW, Washington, DC 204201, the Attorney General at the Department of Justice, 950 Pennsylvania Avenue, Northwest Room B-103, Washington, D.C., 20530-0001, and Joseph C. Murphy, Jr., United States

Attorney for the Western District of Tennessee, 167 N. Main Street, Suite 800, Memphis, Tennessee 38103.

## II.  JURISDICTION AND VENUE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4. Venue is proper in this Court as all parties can be found in this District and all the actions complained of herein took place in this District.

## III. STATEMENT OF FACTS

A. Factual Background

5. From July 26, 2015 to February 22, 2018, Plaintiff was employed by Defendant as a Social Worker – Inpatient Mental Health at the Defendant's Medical Center in Memphis, Tennessee (the "Memphis VA").

6. At the time Plaintiff was trying to complete her clinical license. In order to do so, she needed a supervisor to complete her clinical supervision for a required number of hours.

7. At all times relevant hereto, Plaintiff's first line supervisor was Renee Brown, LCSW, Section Chief, Mental Health at the Memphis VA.

8. On July 26, 2016, Plaintiff successfully completed a year of service as a GS-09 Inpatient Psychiatry Social Worker and was recommended for a promotion to a GS-11 position.

9. Brown told Plaintiff that she would complete Plaintiff's clinical supervision and sign off on the Plaintiff's hours under her supervision. On April 19, 2016, Brown confirmed that she would do this in a text to Plaintiff.

10. On or about May 17, 2017 Plaintiff filed an EEO complaint (200I-0614-201802758) with the Agency alleging sexual harassment and discrimination as well as voicing

opposition to perceived discrimination. Plaintiff named Brown as the Responsible Management Official in her complaint. This complaint was eventually dismissed.

11. In August 2017, Plaintiff informed Brown that she had completed her required hours. In response, Brown questioned Plaintiff about her EEO activity.

12. In October 2017, Plaintiff again requested that Brown sign off on the hours she had worked toward her clinical license. Brown responded by telling Plaintiff that she would need to check the hours before she could sign off and, shortly thereafter, Plaintiff provided Brown with a binder containing documentation of her clinical hours.

13. Brown kept the binder for three weeks, but refused to sign off on the clinical hours.

14. In December 2017, Plaintiff asked Brown about her signing off on Plaintiff's hours and was told she "had not gotten around to it."

15. On or about February 22, 2018, Plaintiff resigned from her position at the Memphis VA.

16. Between February 22, 2018 and April 2018, Plaintiff texted Brown multiple times, inquiring about signing off on her hours. She received no response.

17. In April 2018, Plaintiff visited Brown's office at the VA and asked about the binder. Brown responded that she still "had to think about" signing off on the hours. Brown then began a discussion with Plaintiff about the subject of her previous EEO filing.

18. After this meeting, Plaintiff sent several emails to Brown which went unanswered.

19. In May 2018, Vera Jones told Plaintiff that she would be willing to sign off on the hours, but that she would need to speak with Brown first. Months later, Jones told Plaintiff that she did "not have the available time to devote to this request [signing off on the hours]".

B.  Procedural Background

20. Plaintiff made initial contact with an EEO counsellor at the Agency on or about September 17, 2018 (Agency No. 200I-0614-2018106318).

21. On December 11, 2018, she filed a formal complaint of discrimination.

22. The issue accepted for investigation was:

Whether complainant was discriminated against based on reprisal (prior EEO activity) when on September 12, 2018, the Chief of Social Work Services (Brown) refused to sign off on her request for certification of clinical hours during her employment with the VA.

23. On December 17, 2018, the Agency dismissed the complaint. Plaintiff appealed the dismissal to the Office of Federal Operations ("OFO"). OFO reversed the dismissal and remanded the complaint back to the agency on May 17, 2019.

24. Plaintiff made a timely request for a hearing on July 10, 2019.

25. During the processing of her hearing request, Complainant filed a Motion for a Decision Without a Hearing and Supporting Memorandum on or about November 11, 2019. ("Complainant's Motion"). The Agency filed a Response on November 20, 2019. The Agency filed a Motion for Summary Judgment on November 12, 2019 ("Agency's Motion"). Complainant filed a Response on December 9, 2019 and the Agency filed a Reply on December 11, 2019.

26. The Administrative Judge ("AJ") assigned to the case issued a Decision Without a Hearing in favor of the Agency on July 14, 2020, dismissing Complainant's claims. Plaintiff filed a timely notice of appeal to OFO.

27. OFO issued its decision affirming the AJ's decision on March 21, 2022, advising Complainant that she had ninety (90) days in which to file this action. (See, Decision, Exhibit A attached hereto).

28. This action is timely filed.

## IV. CAUSE OF ACTION
## VIOLATIONS OF TITLE VII - RETALIATION

29. Plaintiff incorporates the paragraphs above by reference as though specifically set forth herein, and alleges that:

30. Title VII prohibits retaliation against employees for opposing unlawful employment practices, making or filing a charge of discrimination, filing a complaint, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.

31. The VA violated Title VII by retaliating against Plaintiff for opposing discrimination and for filing a complaint with the EEOC. The VA's retaliatory acts include, without limitation, the VA's decision to refusal without justification to sign off on Plaintiff's clinical hours.

32. Plaintiff, as a direct result of Defendant's intentional and unlawful actions, has suffered damage to her professional career and professional reputation, as well as to her personal reputation.

33. Further, Defendant's intentional and unlawful actions taken against Plaintiff have been demeaning to Plaintiff and have caused Plaintiff to suffer mental anguish, loss of enjoyment of life, humiliation, embarrassment, and emotional distress.

34. As a result of the Agency's conduct, Plaintiff has lost past and future wages and benefits and has suffered and will continue to suffer compensatory damages.

## V. PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Plaintiff prays that the following relief be granted following a jury verdict in his favor:

1. An award of back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2.	Compensatory and/or actual damages for the emotional distress, loss of enjoyment of life, humiliation and embarrassment caused by Defendant in an amount to be determined by the jury;

3.	An award of prejudgment and post judgment interest at the applicable legal rate;

4.	A trial by jury; and

5.	Such further legal and equitable relief as is deemed just and proper.

Respectfully Submitted,

ALLEN LAW FIRM, PLLC

By:	*/s/ James M. Allen*
James M. Allen TN BPR# 15968
780 Ridge Lake Blvd., No. 202
Memphis, TN  38120
P 901-682-3450
F 901-682-3590
jim@jmallenlaw.com